UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>MEHDI MALEK GHASSABI,<br><br>　　　　　　Defendant. | CASE NO. CR17-273RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Mehdi Malek Ghassabi. Dkt. #41. Mr. Ghassabi, an inmate at Reeves County Detention Center in West Texas ("Reeves I/II"), moves for a reduction in his sentence to time served or, alternatively, to order him released to home confinement at his residence in Canada. *Id.* at 2. Mr. Ghassabi makes this request due to his risk of contracting COVID-19 while incarcerated.

On August 17, 2018, Mr. Ghassabi was sentenced to a term of 120 months following his guilty plea to the charge of conspiracy to possess cocaine with intent to distribute. *See* Dkts. #38 and #39. He has a projected release date of May 1, 2026.

On May 10 and again on October 12, 2020, Mr. Ghassabi applied to the warden at his facility for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Both requests were

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

denied, citing Mr. Ghassabi's "ICE Detainer". *See* Dkt. #41-2 at 2. Thirty days have passed since the date of application and the parties agree that he has satisfied the exhaustion requirement. *See* Dkt. #53 at 7.

Mr. Ghassabi's Motion reports that there are zero inmates who are positive for COVID-19 at the Reeves I/II portion of the facility where he is housed, but he argues this number cannot be accurate because it has not been updated in several weeks. Dkt. #41 at 4.

Mr. Ghassabi is 56 years old and a dual Canadian and Iranian national. His medical records indicate he has been diagnosed with ulcerative colitis for which he has been prescribed a medication called Pentasa. *See* Dkt. #43 at 2 (sealed medical records). His records indicate that he "is provided excellent relief from Pentasa" and has "no diarrhea and no blood in stool when taking this." *Id*. at 4. He also states that he is a former smoker and is "overweight" with a BMI of 28.9 as of July 22, 2020. *Id*. He mentions several other conditions including high cholesterol, depression, and a positive skin test for tuberculosis back in 2017. *See* Dkt. #41 at 9. He has since declined treatment for tuberculosis and this is not a focus of his Motion.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

> imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

> correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

The Court finds that Mr. Ghassabi has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief. Mr. Ghassabi argues that this requirement is satisfied by his exposure to the risk of COVID-19 at Reeves County Detention Center given his medical conditions.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

The Court finds that Mr. Ghassabi is currently managing his ulcerative colitis through daily medication with minimal symptoms.  He is not obese.  With limited evidence as to whether ulcerative colitis elevates one's risk from COVID-19, courts in the Ninth Circuit have declined to grant compassionate release based on this condition.  *See United States v. Allen*, 2021 U.S. Dist. LEXIS 8543, *6 n.3 (S.D. Cal. Jan. 14, 2021); *see also United States v. Dan*, 2020 U.S. Dist. LEXIS 110976, *11 (D. Haw. June 24, 2020).  Given the absence of data on the risk of ulcerative colitis, and the fact that Mr. Ghassabi is successfully managing this condition with medication, the Court finds Mr. Ghassabi has failed to demonstrate one or more medically-documented chronic health conditions rendering him more vulnerable to COVID-19.  His relatively young age does not place him at high risk.  The limited positive test results at the specific facility where he is housed do not lead the Court to believe there is a significant outbreak of COVID-19 in the portion of the facility where he is housed.  Finally, Mr. Ghassabi's other arguments for extraordinary and compelling circumstances lack sufficient evidence to support a finding that he is more vulnerable to COVID-19.

Given all of the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Ghassabi's Section 3553 factors or any other considerations.  Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #41, is DENIED.

DATED this 16th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE