UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MEHDI MALEK GHASSABI,<br><br>Defendant. | CASE NO. CR17-273RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Ghassabi's Motion for Sentencing Reduction and Motion for Reconsideration, both contained in the same filing. Dkt. #60. The Court has already denied the Motion for Reconsideration, Dkt. #61, and now considers the Motion for Sentencing Reduction. The Court has reviewed responsive briefing from the Government, Dkt. #62.

Mr. Ghassabi moves for a two-point reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 782. Dkt. #60 at 2. Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, that decreed Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Government argues that Mr. Ghassabi's sentence cannot be reduced because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and because such reduction is not "consistent with applicable policy statements issued by the Sentencing Commission." Dkt. #62 at 3. This is because Mr. Ghassabi was sentenced on August 17, 2018, to a mandatory minimum sentence of 120 months and was found ineligible for the safety valve provision. The Government argues that a defendant who has been sentenced to the applicable mandatory minimum is not eligible for a reduction in sentence if they were not eligible for the safety valve provision of 18 U.S.C. §§ 3553(e) or (f). Dkt. #62 at 4 and n.1 (citing *United States v. Sykes*, 658 F.3d 1140, 1147 (9th Cir. 2011); *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009)).

The Court agrees with the Government. Mr. Ghassabi's 120-month sentence was not based on a sentencing range that has been subsequently lowered by the Sentencing Commission but was rather set by statute as a mandatory minimum term of imprisonment. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Sentencing Reduction, Dkt. #60, is DENIED.

DATED this 4th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REDUCE SENTENCE – 2